O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY THEUS-WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>J. LIZARRAGA,<br><br>    Respondent. | Case No. ED CV 14-2304 PSG (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

    Petitioner's Objections generally reiterate arguments made in the Petition, and lack merit for the reasons set forth in the Report and Recommendation.

    There is one issue, however, that warrants brief discussion here.

    In his Objections, Petitioner contends he has made a credible claim of "actual innocence" sufficient to overcome AEDPA's limitation period. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). As a rule, a habeas petitioner claiming "actual innocence" must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324

(1995). Here, Petitioner speculates that DNA evidence – had it been collected and tested – and fingerprint evidence – had it been presented at trial – would have established Petitioner's innocence. (Pet. at 2, 4.) However, Petitioner fails to actually *present* any new evidence. (*See id.*) Thus, Petitioner fails to assert a credible claim of "actual innocence." *See Ramirez v. Cates*, 2013 WL 3121884, at *9 (C.D. Cal. June 14, 2013) ("[N]otwithstanding petitioner's speculation that DNA testing would prove him innocent, petitioner has submitted no new, reliable evidence to cast doubt on his conviction [so as] to permit the Court to consider his time-barred claims.").

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Judgment be entered denying the Petition and dismissing this action with prejudice; and

3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth above and in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.[1]

DATED: 02/18/15

HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

---

[1] Accordingly, Petitioner's "Request for Assistance from the Court," [Dkt. No. 6], seeking appointment of counsel on the grounds that Petitioner has "a disability covered under the Americans with Disabilities Act," is **DENIED AS MOOT**. *See Pierce v. Woodford*, 2009 WL 2605380, at *1 (N.D. Cal. Aug. 25, 2009) ("[T]here is no right to appointment of counsel under the ADA.").